## STANDARD CABINET MANUFACTURING COMPANY v. ILIFF.

[No. 10,224.   Filed May 3, 1918.]

MASTER AND SERVANT.—*Workmen's Compensation.—Compensation Agreement.—Jurisdiction of Industrial Board.*—An agreement between an employer and an injured employe for payment to the latter of a certain sum per week during total disability and the necessary surgical and medical expenses for the first thirty days, which agreement was incomplete and not in accordance with the statute, though it had been filed with, and approved by, the Industrial Board, was not so conclusive as to force the employe to bring action thereon in the circuit court to enforce his rights upon the employer's discontinuance of payments, since such agreement was not binding on the employe, nor did it terminate the jurisdiction of the board; and the board had power

on application of the employe to grant an award which took into account the payments made under such agreement.

From the Industrial Board.

Proceedings under the Workmen's Compensation Act by William P. Iliff against the Standard Cabinet Manufacturing Company. From an award for the applicant, the defendant appeals. *Affirmed.*

*Taylor, White & Wright,* for appellant.
*Albert Ward,* for appellee.

DAUSMAN, J.—On February 18, 1917, appellee, while employed by appellant as a workman in its factory, received personal injuries by accident arising out of his employment. On March 20, 1917, the parties entered into an agreement with respect to compensation as follows:

> "(1) That the average weekly wages of the employe at the time of his injury in the employment in which he was engaged were $11.80. (2) That the employe shall receive compensation at the rate of $6.49 per week during total disability for such time as he may be entitled to, beginning on the 5th day of March, 1917. (3) That the employer shall pay the necessary and reasonable surgical, medical and hospital expenses of the employe for the first thirty days after the injury."

The agreement was filed with, and approved by, the Industrial Board. Appellant paid the weekly installments of compensation in accordance with the agreement to August 13, 1917, at which time the payments were discontinued. The reason for discontinuing these payments is not disclosed. On September 14,

1917, appellee filed with the board his petition for an award. Appellant filed a document which it calls a "special answer." This document avers the making, filing and approving of the agreement; that the agreement has not been modified or canceled and remains in force; that appellant has fully performed its part of the agreement; and that the board has no jurisdiction of the subject-matter nor of the person of the appellant. A hearing before one member resulted in an award, and thereupon appellant procured a review before the full board. On review the board made an award of compensation at the rate of $6.49 per week, beginning March 5, 1917, to continue during the period of total disability, not exceeding 500 weeks, and ordered that appellant be given credit for the payments made under said agreement.

It appears that the agreement was procured by the insurance carrier; that the agreement is not in accordance with the form prescribed by the board for that purpose; that it is incomplete and not in full compliance with the statute. Appellant's contention is that if appellee is dissatisfied with appellant's conduct in discontinuing the payments under the agreement, he should file the agreement in the proper circuit court and seek a judgment thereon, and that he has no other remedy. We are not informed as to what advantage appellant expects to gain by having that procedure followed, and we are unable to understand why that position should be assumed, unless appellant's insurance carrier is of the opinion that by procuring the agreement it escaped liability for the payment of any compensation which might become due by reason of partial disability following the period of total disability. But the law cannot be evaded in

that manner. An incomplete agreement, though approved by the board, does not terminate the board's jurisdiction. *In re Stone* (1917), 66 Ind. App. 38, 117 N. E. 669. Appellee had the right to ignore the pretended agreement. §57 W. C. A., Acts. 1915 p. 392. By taking into account the payments made under the pretended agreement, the board has done ample justice to appellant.

The award is affirmed, and by virtue of the statute the amount thereof is increased five per cent.

NOTE.—Reported in 119 N. E. 479.