EVANSVILLE PURE MILK COMPANY v. ALLEN.

[No. 12,546.  Filed February 18, 1926.]

MASTER AND SERVANT.—*Receipt signed by minor injured employee acknowledging payment of all compensation due her under Workmen's Compensation Act was no bar to further compensation where party procuring receipt knew she had not recovered from her injury.*—A receipt signed by a seventeen year old girl, reciting that it was in full settlement of all compensation under the Workmen's Compensation Act for injuries received during her employment, was no bar to a further award where the employer's insurance carrier procuring the release knew that she had not fully recovered from her injuries.  :

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Estelle Allen against the Evansville Pure Milk Company, employer.  From an award of compensation, the employer appeals.  *Affirmed.*  By the court in banc.

*Turner, Adams, Merrell & Locke* and *Paul E. Beem,* for appellant.

*Emra H. Ireland* and *James T. Cutler,* for appellee.

McMAHAN, J.—On June 5, 1923, appellee, while employed by appellant, received an injury by accident arising out of and in the course of her employment.  On June 26, 1923, the parties entered into an agreement whereby the employer agreed to pay her compensation at a certain rate during "total disability."  This agreement was filed with and approved by the Industrial Board, and compensation was paid in accordance with the agreement to August 21, 1923.  On August 28, 1923, the insurance carrier secured a receipt from appellee for twenty-six dollars and forty cents, making with weekly payments theretofore received, the total sum of sixty-six dollars in final settlement of all compensation due her under the compensation law and

stating that her disability had ceased August 21, 1923. Then followed a statement indicating that the amount received was for "total disability," nothing being received for "partial disability." At the time this receipt was signed and the twenty-six dollars and forty cents paid, appellee's disability had not ceased, and the insurance carrier securing such receipt knew that fact. It is probable that total disability had ceased at that time. She was at that time and ever since has been suffering from a partial disability, and the insurance carrier has, on numerous occasions since the date of the receipt, furnished her with medical and surgical care.

Further payment of compensation being refused, appellee on May 27, 1925, filed with the Industrial Board her application for adjustment of her claim for compensation for partial disability, in which she stated that she had received compensation for twelve weeks' total disability. `Appellant, in a special answer, set out the receipt heretofore referred to and alleged that appellee had been paid compensation under the agreement which had been filed with and approved by the board; that the payment so made to appellee was in full payment for compensation under the award entered by agreement, and that the present application was filed with the Industrial Board more than one year from the termination of the compensation period fixed by the award for total disability.

The award might well be affirmed on the authority of Standard Cabinet Mfg. Co. v. Iliff (1918), 67 Ind. App. 568, 119 N. E. 479, and would be so affirmed were it not for the fact that we desire to express our emphatic disapproval of the action of the insurance carrier in its action in securing the receipt in question from a seventeen year old child and then, through a technicality, attempting to prevent the payment of compensation under one of its policies, when it, at all times, knew ap-

pellee had not recovered from the effect of her injuries and when it had been furnishing her with medical and surgical care.

There is no merit or justice in this appeal. The award is affirmed with five per cent. penalty.