## STEPHENS v. GRAVES.

[No. 12,687. Filed November 16, 1926.]

MASTER AND SERVANT.—*Dismissal of employee's application for adjustment of compensation by the Industrial Board, held error.*—Although there had been an agreement between employer and employee as to the weekly compensation to be paid the employee for total disability, the employee was entitled to an adjustment of the compensation for partial impairment which was known to the employer and reserved for future determination by the Industrial Board, and the dismissal of his application for such adjustment was error.

From Industrial Board of Indiana.

Application by Otha G. Stephens for adjustment of his compensation under the Workmen's Compensation Act, opposed by Kenneth L. Graves, employer. From a dismissal of his application, the claimant appeals. *Reversed.* By the court in banc.

*Laurent A. Douglass,* for appellant.

*John Rynerson* and *Oscar F. Smith,* for appellee.

THOMPSON, J.—Appellant, while in the employ of appellee, was injured on September 8, 1925, and on January 12, 1926, filed application for compensation. Appellee did not deny liability, but there was a disagreement as to the length of time for which compensation was payable.

On February 1, 1926, at the hearing before a single member of the Industrial Board, appellant was ordered by the hearing member to sign form 12 of the Industrial Board, which he had previously refused to sign, and which was an agreement that appellant receive of appellee $11.55 per week compensation for four and two-sevenths weeks in payment of total disability, and that appellee pay medical and hospital expenses of appellant for the first thirty days after the injury. Attached thereto was the attending physician's report stating that

although, appellant, at the time of his discharge from office treatments on October 16, was able to perform light work, there was still some impairment of his right arm and that he was unable at that time to state the degree of permanent partial disability.  The agreement was approved by the Industrial Board, and the case taken under advisement.  On February 2, a receipt was obtained from appellant by appellee and filed with the Industrial Board on February 10, stating that appellant had received of appellee $49.50 in final settlement of compensation due him for all disability suffered by him from said injury and stating that disability ceased on October 16, 1925.  On February 15, the hearing member rendered an award for total disability embodying the provisions of the signed form 12 as already stated, and declaring that appellant's permanent partial impairment could be determined at a later date.

On appellee's application for a review, the full board dismissed appellant's application for adjustment of compensation on the theory that since there had been an agreement approved by the single member of the board, no disagreement existed between the parties.

Appellant assigns as errors:    (1) That there was a proved existing disagreement as to the duration of disability, and there was error in holding there was none; (2) there was no motion to dismiss the petition; (3) the dismissal was contrary to law.

We are satisfied that the record sufficiently shows a disagreement as to the extent of appellant's injury and that he was entitled to have the same determined.   See *Evansville, etc., Co.* v. *Allen* (1926), 84 Ind. App. 199; *Standard Cabinet Mfg. Co.* v. *Iliff* (1918), 67 Ind. App. 568, 119 N. E. 479.

The Industrial Board erred in dismissing the petition.
Reversed.