## IN RE STONE.

### [No. 10,144.   Filed November 22, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensation Agreements.—Approval by Industrial Board.—Force and Effect.*—Under §57 of the Workmen's Compensation Act, Acts 1915 p. 392, the employer and the injured employe, or his dependent, in case of death, may agree upon the compensation as provided by the act, but to be enforceable a memorandum of such agreement must be filed with and approved by the Industrial Board, and it may be approved only when its terms conform to the act, but when such an agreement is made and approved it will be given the same effect as an award of the board.   p. 42.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Agreement as to Compensation.—Validity.—Scope.*—Under §57 of the Workmen's Compensation Act, Acts 1915 p. 392, providing that the employer and the injured employe may agree as to compensation with the approval of the Industrial Board, an agreement stipulating that at the time of the injury the injured servant's average weekly wage was $12.96, that he should receive compensation at the rate of $7.13 per week during the period of his total disability, and that the employer should pay the necessary and reasonable surgical, medical and hospital expense on account of the injury for the first thirty days thereafter, was sufficient so far as it went and was such an agreement as the parties were authorized to make, and the board to approve, assuming that the parties were not seeking to compromise any difference between them as to the amount of compensation, but that their purpose was simply to avoid the expense of a hearing before the board.   p. 42.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Incomplete Agreement as to Compensation.—Jurisdiction of Industrial Board after Approval.*—An agreement between the employer and an injured servant providing for the payment of compensation during the period of his total disability only, but not during partial disability, is incomplete, and, although such agreement was approved by the Industrial Board, it may on proper petition hear the parties and make such further provision for compensation as the facts warrant, not exceeding the maximum provided in the act (Acts 1915 p. 392), the same as though no agreement had been reached.   p. 43.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Jurisdiction of Industrial Board.—Agreements as to Compensation.—Control after Approval.*—Although the Industrial Board has

approved an agreement as to compensation made pursuant to §57 of the Workmen's Compensation Act, Acts 1915 p. 392, it still has jurisdiction over the subject-matter and the parties, even if the agreement was intended as a compromise settlement of all compensation, and may hear all disputes between the employer and the injured employe or his dependents with reference to the compensation to be paid or received under the act at any time before the final disposition of the case. p. 43.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board.—Nature of Jurisdiction.*—The Industrial Board is not a court and is not vested with judicial powers within the general acceptation of that term, nor does it have the power to set aside its own acts in the absence of fraud, duress or mistake, alleged and proved; it is no more than an administrative body, which, in the administration of the Workmen's Compensation Act, Acts 1915 p. 392, is empowered to ascertain some questions of fact and to apply the existing law thereto, and in so doing it acts quasi-judicially. p. 44.

From the Industrial Board of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act in the matter of one John Stone. Certified question of law by the Industrial Board. *Question answered.*

IBACH, C. J.—The Industrial Board has certified a question of law to this court, together with the following facts upon which it is based. On May 16, 1917, John Stone was employed by the Brookville Brewing Company at an average weekly wage of $12.96, and on that date received a personal injury by accident arising out of and in the course of his employment resulting in a total disability for work from the date of his injury to September 5, 1917, on which date he was yet totally disabled for work as a result of such injury. The employer had actual knowledge of the accidental injury at the time it occurred. On June 12, 1917, the brewing company and said Stone entered into an agreement and exe-

cuted a written memorandum thereof, in which it was stipulated that at the time of his injury the average weekly wage of said Stone was $12.96; that the employer should pay him compensation at the rate of $7.13 per week during the period of his total disability, not exceeding —— weeks, beginning May 31, 1917, and that the employer should pay the necessary and reasonable surgical, medical, and hospital expense on account of said injury for the first thirty days thereafter. This agreement was filed with and approved by the Industrial Board on July 2, 1917. Under such agreement the brewing company paid Stone six weeks' compensation. On September 5, 1917, the employe filed with the Industrial Board a verified petition alleging that he received injuries as aforesaid, and as a result thereof he believes and is advised by physicians that he will continue to be totally disabled and unable to perform work of any nature for a considerable period following the date of filing his application, and that he is informed by physicians and believes the injuries received are permanent and by reason thereof, following the period of total disability, he will suffer and maintain partial disability which will be permanent and render him unfit and unable to perform a reasonable amount of work, or perform work similar to that in which he was employed prior to the date of his injury; that with knowledge of the extent and nature of his injuries and knowing that he was totally disabled for the period aforesaid and would sustain permanent disabilities as aforesaid, subsequently to receiving his injuries he and the brewing company discussed the question of compensation due him under the Workmen's Compensation Act (Acts 1915 p. 392); that on June 12, 1917, a paper purporting to be an alleged or

pretended agreement, therein referred to, bearing the signatures of both parties, was filed with the Industrial Board and approved by it (setting out the agreement, the substance of which heretofore appears); that said Stone or no one for him ever agreed to the pretended memorandum to accept $7.13 per week during total disability; that he did not know the memorandum so recited until a short time prior to the filing of his application; that he at no time intended to and did not agree to accept or receive compensation for the period of his total disability; that he is now informed that the brewing company did not at any time contemplate or intend to and did not agree to pay him compensation for any period extending beyond the period of his total disability, nor for any period of partial disability whether permanent or otherwise, and that it agreed and understood at the time said memorandum was signed that it was making an agreement to pay him weekly compensation for and during the period of total disability only; that he never at any time agreed or understood that he was agreeing to receive said compensation in settlement; that in fact he has never reached or made an agreement with said brewing company for the acceptance of any compensation pursuant to the Workmen's Compensation Act, but that there has been at all times and now is a mutual mistake by and between him and the said brewing company as to the terms of said pretended agreement and the amount of compensation payable thereunder; that such agreement is and has been at all times void and of no effect, and that he wholly disavows the same; that the brewing company has not paid his necessary and reasonable surgical, medical, and hospital expenses for the first thirty days after his injury; and he prays that said

pretended agreement be declared void and of no effect and found not to conform to the provisions of the Workmen's Compensation Act.

The question presented for determination under the foregoing facts is: "Does the Industrial Board of Indiana have the jurisdiction to consider the said application of said Stone and to either grant or refuse the prayer thereof?"

The statute provides that the employer and injured employe, or his dependents in case of death, may agree upon the compensation as provided by the act, but to be enforceable a memorandum of such agreement must be filed with and approved by the board, and that such agreement shall be approved only when its terms conform to the act. §57 Workmen's Compensation Act, *supra.* When such an agreement is made and approved by the board it will be given the same effect as an award of the board. *Barry* v. *Bay State Street Railway* (1916), 222 Mass. 366, 110 N. E. 1031. It has also been held under acts very similar to ours that an agreement as to compensation, although approved by the Industrial Board, will not deprive the board of further jurisdiction where it is apparent that the agreement is not complete. *Foley* v. *Detroit United Railway* (1916), 190 Mich. 507, 157 N. W. 45, 47.

Assuming from the facts certified that the agreement between the employer and employe was made pursuant to §57, *supra,* and that the parties were not seeking to and did not attempt to compromise any differences between them as to the *amount* of compensation, but rather that their purpose was simply to avoid the expense of a hearing before the board, the board undoubtedly had the right to approve it. It was in no wise contingent

upon an uncertain event, and was sufficient in form so far as it went. The legislature in enacting the statute has not seen fit to limit such agreements to the *amount* of compensation only, and there would seem no good reason why the parties might not agree upon matters leading up to the amount of compensation without more. §57, *supra*. We hold, therefore, that the agreement in this case was such as the parties were authorized to make and the board to approve. It is apparent from the agreement that it is incomplete, in that no compensation is agreed upon for and during partial disability. Under such circumstances the board, not having relinquished its jurisdiction of the parties or the subject-matter, has the right upon proper petition to hear the parties and make such further provision for compensation as the facts warrant not exceeding the maximum provided in the act, the same as though no agreement had been reached.

The petitioner in this case does not claim that this agreement was intended as a compromise or settlement of compensation. The language of his petition is "that he never at any time agreed or understood that he was agreeing to receive said compensation in settlement." But, assuming that it was intended by the employer as a compromise settlement, we are of the opinion still that the Industrial Board under its broad supervisory powers expressly conferred by the statute creating it would have the power to hear and determine the petition before it at any time before the case was finally disposed of. Its jurisdiction in such matters is not dependent upon the setting aside of the agreement. Such jurisdiction exists over the subject-matter and the parties notwithstanding the agreement, whether it be an agreement upon the facts giving the board jur-

isdiction only, or whether it be a compromise settlement of all compensation due under the act and is broad enough to include all disputes between the employer and the injured employe or his dependents with reference to the compensation to be paid or received under the act.

In arriving at the conclusion above reached we do not hold that the Industrial Board is more than an administrative body or arm of the government, which in the course of its administration of the law is empowered to ascertain some questions of fact and apply the existing law thereto, and in so doing acts quasi-judicially. It is not a court and is not vested with judicial powers within the general acceptation of that term.

Neither do we hold that the Industrial Board has the power to set aside its own acts in the absence of fraud, duress, or mistake being averred in a petition filed for that purpose, and after such fact has been fully shown by the proof.

Note.—Reported in 117 N. E. 669.