RETMIER ET AL. v. CRUSE.

[No. 10,179.   Filed March 19, 1918.]

1.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal. —Assignment of Error.—Questions Presented.*—On an appeal from an award by the Industrial Board, an assignment of error that the award is contrary to law is sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts.  p. 194.

2.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Finding of Industrial Board.—Conclusion of Law.*—A finding by the Industrial Board that an employe received a personal injury by an accident arising out of and in the course of his employment is a legal conclusion and not a finding of an ultimate fact.  p. 194.

3.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Finding of Facts.—Sufficiency.*—An award of the Industrial Board for an employe's death showing the fact of employment, that the employe died from a certain injury, and that prior to death the employer paid workmen's compensation for such injury, was sufficient, although not specifically stated that the injury occurred in the course of the employment.  p. 196.

4.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Award of Compensation.—Evidence.—Sufficiency.*—In a proceeding for an award under the Workmen's Compensation Act, Acts 1915 p. 392, evidence showing that an employe's injury resulted in nephritis, which lowered his power to resist a disease to which he was predisposed and which caused his death earlier than it would otherwise have occurred, was sufficient to sustain an award to the employe's dependents.  p. 197.

From the Industrial Board.

Proceedings for compensation under the Workmen's Compensation Act by Sarah J. Cruse against Frank C. Retmier and another.  From an award for applicant, the defendants appeal.  *Affirmed.*

*Charles E. Henderson* and *James L. Murray,* for appellants.

*Carson, Lehman & Faust,* for appellee.

FELT, J.—This is an appeal from an award made for appellee by the Industrial Board of Indiana. The finding of facts and the award are as follows: "Be it remembered that pursuant to notice fixing the time and place therefor, this cause was called for review at the office of the Industrial Board in the State House, before the full board, on the 27th day of September, 1917, at three o'clock, p. m. The plaintiff appeared by Joseph O. Carson and Wm. H. Faust, her attorneys, and the defendants appeared by J. M. Murray, their attorney. And the full board, having heard the argument of counsel, having reviewed the evidence, and being fully advised in the premises, by a majority of its members, finds that on the 8th day of September, 1915, one Paul Cruse was in the employment of defendant, Frank Retmier, at an average weekly wage of $20.00; that on said date the New Amsterdam Casualty Company was the compensation insurance carrier of the defendant employer; that on the said 8th day of September, 1915, the said Paul Cruse received a personal injury by an accident arising out of and in the course of his employment, as a result of which he died on the 8th day of July, 1917; that as a result of said injury and on account of the disability resulting therefrom, the defendant employer paid to the said Paul Cruse, during his lifetime and after his injury, fifty-eight weeks' compensation at the rate of $11.00 per week; that the said Paul Cruse left surviving him as his sole and only dependent and next of kin, the plaintiff, his mother, who at the time of his injury and death was wholly dependent upon him for support; that the defendant employer had actual knowledge of the injury of the said Paul Cruse at the time that it occurred, and also

had actual knowledge of his death immediately after it occurred.

"Award. It is therefore considered and ordered, by a majority of the members, that the plaintiff be and is hereby awarded against the defendants, two hundred and forty-two weeks' compensation at the rate of $11.00 per week. It is further ordered that the defendants pay the burial expenses of the said Paul Cruse not exceeding one hundred dollars. It is further ordered that the defendants pay the costs of this action.

"Dated this 17 day of October, 1917.

                "Industrial Board of Indiana, By
                "(Signed) Edgar A. Perkins
                "(Signed) Charles R. Hughes.
                                Members."

The error assigned and relied on for reversal is that the award of the Industrial Board is contrary to law. The assignment is "sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts."

We consider first the sufficiency of the finding of facts to sustain the award.

The statement that "Paul Cruse received personal injury by an accident arising out of and in the course of his employment" is a legal conclusion and not an ultimate fact. *Inland Steel Co.* v. *Lambert* (1917), 66 Ind. App. 246, 118 N. E. 162; *Lagler* v. *Roch* (1914), 57 Ind. App. 79, 85, 104 N. E. 111.

It has also been held that it is proper for the Industrial Board to include in a finding its general conclusions which may be reviewed on appeal, but are not

binding on the court unless the same are supported by the ultimate facts included in the finding of the board, and that conclusions of law cannot be considered in determining whether under the ultimate facts found the injury or death was the result of an accident. *Inland Steel Co.* v. *Lambert, supra.*

An agreement to pay compensation during the lifetime of an injured employe, or the payment of compensation to him, has been held to amount to an admission that there had been an accident, for which the employer was liable to pay compensation, but that such agreement or payment is not an admission that the death of such employe was caused by an accident rendering his employer liable to his dependents for compensation. §37 Workmen's Compensation Act, Acts 1915 p. 392; *Cleverley* v. *Gas, etc., Co.* (1907), 1 B. W. C. C. 82, 84, 24 T. L. R. 93; *Perry* v. *Woodward Bowling Alley Co.* (1917), 196 Mich. 742, 163 N. W. 52; L. R. A. 1916A 133, 134.

In *Perry* v. *Woodward Bowling Alley Co., supra,* the Supreme Court of Michigan said: "The record does disclose that the deceased sustained an injury, and during his disability received compensation; but it is further incumbent upon the claimant to show, by competent evidence from which fair inference could be drawn, that his death resulted from the injury. This the claimant has failed to do, and compensation for the death must therefore be denied."

In *Cleverley* v. *Gas, etc., Co., supra,* the English Court of Appeals, in speaking of the death of an employe with whom his employers had made an agreement and paid compensation thereunder during the lifetime of the employe, said: "But the agreement only amounted to an admission that there had been

an accident, and that the company was liable to pay compensation for the same. It was not an admission that the death was caused by the accident.''

We have in the finding in this case the ultimate facts of decedent's employment; that he received a personal injury on September 8, 1915; that he died from such injury on July 8, 1917, and the further finding ''that as a result of his said injury and on account of the disability resulting therefrom, the defendant employer paid to said Paul Cruse, during his lifetime, and after his injury,'' certain compensation.

Following the decisions aforesaid, the above statement includes all the facts essential to appellee's right to compensation. It amounts to a finding that said injury resulted from an accident, for which appellant was liable, which necessarily includes the facts that such accident occurred while decedent was engaged in doing the work he was employed to do and that the injury resulted as a natural incident of such employment. *McNicol's Case* (1913), 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A 306; *In re Harraden* (1917), 66 Ind. App. 298, 118 N. E. 142.

Considering the foregoing in connection with the ultimate facts of relationship and dependency the finding of facts is sufficient to sustain the award in appellee's favor. But it is earnestly contended by appellant that there is no evidence to support the finding that the death of decedent resulted from the alleged accidental injury.

The record shows that on September 27, 1915, Paul Cruse and appellant entered into an agreement showing a weekly wage of $20 and authorizing a weekly compensation of $11 to be paid by appellant on ac-

count of the injury to Cruse; that such agreement was filed with and approved by the Industrial Board of Indiana; that compensation was paid in pursuance of such agreement until December 30, 1915, when payment was stopped; that Cruse duly requested an adjustment of his claim for further compensation; that an attorney representing appellant's insurance carrier made an investigation of the case, and as a result thereof, on January 8, 1917, entered into an agreement with Cruse, before the Industrial Board, in which it was stipulated that the employe was entitled to compensation and that there was then due him payments in arrears aggregating $385; that the employe's weekly payments would continue "until such time as he was able to resume his ordinary duties, or until payments made fully complied with the Workmen's Compensation Law; that said amount was paid and weekly payments continued to June 18, 1917, when payment was discontinued."

The evidence tends to show that while Cruse was working for appellant, in pursuance of his employment, he received a severe injury to the lower part of his back as the result of an accidental fall, which disabled him at that time for a period of nineteen days, and that he was then paid compensation for five days; that soon thereafter he tried to work at his trade as a carpenter but was unable to continue because of the effects of his injury; that about a month subsequently to his injury Cruse went to Chicago to visit and rest, and remained there for more than a month; that subsequently he went to Albany where he worked for a news company as a caller until May 10, 1916, when he became severely ill and returned home, but was unable to secure any perma-

nent improvement in his health; that he was injured across the small of the back and complained of his back, side and kidneys; that Dr. Light, Dr. Marsh and Dr. Hersey attended him at different times; that he was taken to the Long Hospital where he was treated for a time and he was also treated by Dr. Hersey after he came from the hospital; that he was confined to his bed from March 23, 1917, until his death on July 8, 1917; that Dr. Hersey began treating him in October, 1916.

Dr. Worthington testified that he made an examination of Paul Cruse on June 30, 1917, looked into the history of his case and diagnosed it as pulmonary tuberculosis; that the records of the Long Hospital showed that from June 30 to September 23, 1916, Cruse had been a patient there, suffering from acute nephritis; that he had night sweats, and swelling of the feet; that acute nephritis may develop from an injury; that night sweats are one of the cardinal symptoms of pulmonary tuberculosis, and they indicated that Cruse was suffering from that disease in June, 1916; that he was suffering from chronic nephritis when he saw him at his home; that chronic nephritis always follows acute nephritis and is always present in a wasting illness; that the history of the case led him to believe that the disease of tuberculosis from which Cruse was suffering was of long standing; that an injury to the back and kidneys of a crushing nature might develop acute or chronic nephritis; that chronic nephritis is a disease which as far as medical people know does not cure itself and will eventually cause death; that it is a wasting and debilitating disease, and reduces the power of resistance and makes the person so afflicted more susceptible to anything

infectious; that tuberculosis is an infectious and contagious disease; that everyone has "vagotomy" organisms in his lungs and they will become active when vitality is reduced; that the nephritis aggravated the condition that Paul Cruse was in and set the tuberculosis germs in action that later caused his death. The evidence shows that Dr. Hersey examined Cruse in November, 1916, and that in his opinion, based on the history of the case and the symptoms of the patient, his condition was the result of a former injury. The evidence shows that Dr. Marsh treated Cruse in September, 1915, for the injury to his back; that in May, 1916, he found him suffering from the same cause, manifesting the same symptoms, and in addition thereto he had swollen feet and nephritis; that the symptoms had continued and his present illness "is the result of the old injury from which he has not completely recovered." Dr. R. H. Bandilier testified that Mr. Cruse suffered from acute nephritis while in the Long Hospital; that a jarring injury such as the fall he received will sometimes cause acute nephritis; that in other instances such an injury may precipitate or bring on an impending nephritis, and in his opinion Cruse's injury probably increased the severity of the kidney disease from which he suffered.

In re Bowers (1917), 65 Ind. App. 128, 116 N. E. 842, this court said: "Likewise the courts, consistent with the theory of workmen's compensation acts, hold with practical uniformity that, where an employe afflicted with disease receives a personal injury under such circumstances as that he might have appealed to the act for relief on account of the injury had there been no dis-

ease involved, but the disease as it in fact exists is by the injury materially aggravated or accelerated, resulting in disability or death earlier than would have otherwise occurred, and the disability or death does not result from the disease alone progressing naturally as it would have done under ordinary conditions, but the injury, aggravating and accelerating its progress, materially contributes to hasten its culmination in disability or death, there may be an award under the compensation acts.'' See, also, *Taylorsen* v. *Framwellgate Coal, etc., Co.* (1913), 6 B. W. C. C. 56; *Lewis* v. *Port of London Authority* (1914), 7 B. W. C. C. 577; *Southall* v. *Cheshire County News Co.* (1912), 5 B. W. C. C. 251; *Dean* v. *London, etc., R. Co.* (1910), 3 B. W. C. C. 351.

There is evidence tending to support the finding of facts. The board has drawn the necessary inferences, and there is evidence from which such inferences may reasonably be drawn. The evidence authorizes the inference that the accidental injury suffered by Cruse while in appellant's employment aroused the latent germs of the disease to which he was predisposed, materially accelerated the disease, and caused his death earlier than it otherwise would have occurred. *In re Meyers* (1917), 64 Ind. App. 602, 116 N. E. 314; *Columbia School Supply Co.* v. *Lewis* (1917), 65 Ind. App. 339, 116 N. E. 1.

The only questions presented by the assignment of errors have been considered. No question of the admissibility of evidence is presented. The death of the appellee having been suggested, the award of the full board is affirmed as of the date of submission.

Note.—Reported in 119 N. E. 32. Workmen's compensation: appeal and review under act, L. R. A. 1916A 163, 266, L. R. A. 1917D 186; Ann. Cas. 1916B 475, 1918B 647.