HOME PACKING AND ICE COMPANY ET AL. *v.* CAHILL.

[No. 10,488. Filed May 29, 1919. Rehearing Denied October 29, 1919.]

1. MASTER ANE SERVANT.—*Workmen's Compensation.—Agreement as to Compensation.*—The employer cannot complain of an agreement for compensation, duly approved and being performed under the Workmen's' Compensation Act, on the ground that such agreement is incomplete in that it makes no provision for the injured employe during any possible period of partial disability. p. 247.

2. MASTER AND SERVANT.—*Workmen's Compensation.—Appeals.— Enforcing Award.*—An appeal from a ruling by the Industrial Board, denying employer's petition to set aside an agreement for compensation and ordering a resumption of payments thereunder, does not challenge the power of the board to make the order of resumption on the ground that the sole power to enforce an award rests in the circuit court. p. 248.

3. MASTER AND SERVANT.—*Workmen's Compensation.—Agreement as to Compensation.—Conclusiveness.—Setting Aside.*—An agreement which has been made under and in compliance with the Workmen's Compensation Act, which has been approved by the Industrial Board, and under which payments have been made, cannot be set aside on the petition of the employer and his insurer, based on the general ground that the injury did not arise out of and in the course of the employment, where petitioners do not claim that there was any mistake as to any specific fact but merely seek to challenge their conclusion as to this element of the agreement, since the agreement is a confession of liability and has by the board's approval the force and effect of an award. p. 248.

From the Industrial Board of Indiana. Proceedings for compensation under the Workmen's Compensation Act by William Cahill against the Home Packing and Ice Company and its insurer. From a ruling by the Industrial Board, denying the petition of the Home Packing and Ice Company to set aside an agreement for compensation and ordering a resumption of payments thereunder, the petitioner appeals. *Affirmed.*

*Batt & Danner,* for appellant.
*A. J. Kelley* and *F. S. Rawley,* for appellee.

DAUSMAN, J.—On April 1, 1917, the appellee received an injury by accident while at appellants' industrial plant. Thereafter appellants' insurance carrier made an investigation of the matter and reported to appellant that appellee was in the employment of appellant at the time of the accident; that appellee's injury arose in the course of the employment; and that his average weekly wage at said time was $35. On November 5, 1917, the parties hereto entered into an agreement as to compensation under §57 of the Workmen's Compensation Act. Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918. This agreement was signed also by the insurance carrier, and was filed with and approved by the Industrial Board. Pursuant to the agreement, appellant paid the medical, hospital and surgical expenses occasioned by the injury, and also compensation aggregating $435.60. On August 2, 1918, appellant filed its verified petition to set aside the agreement on the ground (1) that it was entered into by reason of mutual mistakes of fact, and (2) that it does not fully comply with the statute.

The specific facts, concerning which it is averred the parties acted mistakingly, are the following: (1) That appellee was in the employ of appellant when he received the injury, but in truth he was not; (2) that appellee's average weekly wage was $35, but in truth was only $21.10; and (3) that the injury, by accident, arose out of and in the course of the employment, but in truth did not.

The particular defect which appellant claims constitutes an incompleteness is that it provides compensation for the period of total disability only, and. fails to make any provision for compensation for any period of partial disability which may ensue.

After hearing the evidence, the board found that there was no mistake, refused to set aside the agreement, and ordered appellant to resume payments thereunder.

We have considered the evidence carefully, and we find that it tends fairly to support the decision of the board with respect to the alleged mistakes.

The alleged incompleteness of the agreement, if it be a defect at all, is of such a character that appellant cannot complain of it. With some semblance of reason appellee might complain of it on the ground that in the course of recovery his total disability may cease and a period of partial disability may follow, for which partial disability no compensation is provided. But the statute supplies a way by which any change in the condition of the workman may be presented to the board and the proper relief obtained.

Appellant asserts that the board has no power to order a resumption of payments, and that the sole power to enforce an award rests in the circuit

2. court. But the attempt to procure a decision on that point in this appeal is manifestly premature.

The sufficiency of the petition to raise the question whether the injury arose out of and in the course of the employment has not been presented. But 3. we deem it advisable to say that we doubt the propriety of permitting that question to be tried on a petition to set aside an agreement for compensation. Appellant earnestly insists that the injury did not arise out of the employment, but does not claim that there was any mistake as to any specific fact entering into this element. Apparently appellant and its insurance carrier were fully informed concerning every evidential fact, and from these facts they drew their own conclusion. Knowing all the details, they concluded that the injury arose out of and in the course of the employment. By making the agreement they admitted and confessed liability. See *Retmier* v. *Cruse* (1918), 67 Ind. App. 192, 119 N. E. 32. They recognized the agreement by continuing to make payments thereunder; but finally it occurred to them that perhaps they erred in their conclusion as to their liability. Evidently their petition was then filed in the hope that by this procedure they could have the board determine whether the injury arose out of and in the course of the employment, and thus procure a review of the very thing which they had determined for themselves. An agreement for compensation, made in compliance with the statute and approved by the board, has the force and effect of an award. *In re Stone* (1917), 66 Ind. App. 38, 117 N. E. 669. It would seem that an award resting on an agreement ought not to be set aside for

the mere purpose of permitting an employer to try out the merits of his confession of liability. It may be proper in a proceeding of this character to show that there was a mistake as to some specific fact which would result in modifying the award in some particular; but we are of the opinion that the question of liability cannot be raised in this manner. It is doubtful, also, whether the statute contemplates an appeal from the action of the board with respect to petitions of this kind.

The action of the Industrial Board is affirmed.