GRAVER TANK AND MANUFACTURING CORPORATION
v. NOBLE.

[No. 14,878.    Filed July 5, 1933.]

*William J. McAleer, Francis J. Dorsey, James J. Clark,* and *William L. Travis,* for appellant.

*Frank E. Keenan,* for appellee.

CURTIS, J.—Appellee's decedent, while in the employ of appellant, sustained personal injuries arising out of and in the course of his employment. An agreement as to payment of compensation was entered into and approved by the Industrial Board of Indiana. Payments of a certain sum were made by appellant under the terms of said agreement, and were discontinued upon the filing of its application with the Industrial

Board for review of award on acount of change in conditions. Before a hearing was had upon such application, appellee's decedent died. In the meantime the decedent had filed a claim for the adjustment of his compensation which had been dismissed upon motion of the appellant. After the death of the decedent the appellee filed her application for adjustment of claim for compensation as a dependent, alleging therein that Steve Noble, through whom she claimed compensation, died on June 16, 1932, as a proximate result of personal injuries received by him on January 6, 1932, alleging that she and her daughter, Marie Noble, were wholly dependent, and praying an award of compensation at the rate of $9.90 for 281 weeks. An answer of general denial, under Rule 10 of the board, was deemed filed to the appellee's claim. The matter was submitted to a single member of the board who made an award in favor of the appellee. The appellant then filed its application for a review by the full board who likewise entered an award in appellee's favor. It is from this latter award that this appeal was taken.

The error assigned is that the award of the full board is contrary to law.

Omitting certain formal parts, the salient portions of the finding and award of the full board are as follows: "That one Steve Noble was in the employ of the Graver Tank and Manufacturing Company on the 6th day of January, 1932, at an average weekly wage of $18.00, on which date he met with an injury by reason of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention.

"That on the 21st day of January, 1932, the said Steve Noble and the defendant, Graver Tank and Manufacturing Corporation, entered into a Form No. 12 agreement, under the terms of which said Steve Noble was

to receive compensation at the rate of $9.90 per week during temporary total disability, not exceeding the period fixed by law, beginning on the 14th day of January, 1932, and that the defendant should pay the necessary and reasonable medical, surgical and hospital expenses of the said Steve Noble for the first thirty days after the injury, which agreement was approved by the Industrial Board on March 17, 1932. That on April 8, 1932, the said Steve Noble filed with the Industrial Board of Indiana his Form No. 9, being an original application of injured employee for the adjustment of claim for compensation, which application was dismissed on motion of the defendant on May 23, 1932, by the hearing member, Harry J. McMillan. That under the terms of the agreement of January 21, 1932, compensation was paid by the defendant to the said Steve Noble up to and including May 25, 1932, in the total sum of $188.10.

"That on May 24, 1932, the defendant filed with the Industrial Board its Form No. 14, being an application to review the award on account of a change in conditions in which the defendant alleged that the injury of said Steve Noble had resulted in a permanent partial impairment of the left arm. This application was called for hearing before Edgar A. Perkins, a member of the Industrial Board, on June 30, 1932, and it appearing at that time, that Steve Noble had died as of June 16, 1932, the cause was continued to be reset at the convenience of the Industrial Board of Indiana.

"That thereafter, on July 11th, Catherine Noble, widow of Steve Noble, filed with the Industrial Board of Indiana her Form No. 10, application of dependents of deceased employee for the adjustment of claim for compensation for herself as widow, and Marie Noble, a daughter, aged seventeen.

'It appearing that plaintiff's application, now de-

ceased, for review of award on account of change in conditions, filed with the board on May 25, 1932, was dismissed by the hearing member on motion of plaintiff's attorney, and this cause was submitted for hearing on plaintiff's application for adjustment of compensation filed herein on July 11, 1932.

"A majority of the members find that the said Steve Noble died on the 16th day of June, 1932, as a result of the injuries he received while in the employ of the defendant on the 6th day of January, 1932. That he left as his sole and only dependents, Catherine Noble, his wife, and Marie Noble, seventeen years of age, his daughter, who were wholly dependent upon him for their maintenance and support at the time of his accident and death.

"Award—It is, therefore, considered and ordered by a majority of the members of the Industrial Board of Indiana that the plaintiff, Catherine Noble and Marie be awarded in equal shares as against the defendant, compensation at the rate of $9.90 per week for a period of 300 weeks, subject, however, to the expiration date as fixed by law, beginning on the 16th day of June, 1932.

"It is further ordered that the defendant have credit on this award for the compensation in the amount of $188.10 paid to the said Steve Noble, deceased. It is further ordered that all compensation under this award now due and unpaid shall be brought up to date, paid in cash and in a lump sum.

"It is further ordered that in the event the dependency of either Catherine Noble or Marie Noble shall cease within the period of three hundred weeks, that the compensation at the rate of $9.90 per week for the remainder of the three hundred weeks shall be paid to the one remaining dependent, subject, however, to the expiration date as fixed by law.

"It is further ordered that the compensation due Marie Noble, minor child, shall be paid to Catherine Noble, her mother, to be used by her for her maintenance and support without the appointment of a guardian or trustee.

"It is further ordered that the defendant shall pay the one hundred dollars statutory funeral expenses of the deceased Steve Noble."

Section 37 of the Indiana Workmen's Compensation Act, Acts 1929, page 537, 549, insofar as it is germane to the instant case, is as follows: "When death results from an injury within three hundred weeks, there shall be paid a weekly compensation equal to fifty-five per cent of the deceased's average weekly wages during such remaining part of three hundred weeks as compensation shall not have been paid to the deceased on account of the injury, in equal shares to all dependents of the employee wholly dependent upon him for support at the time of his death. . . ." Section 45 of the above act gives the industrial board continuing jurisdiction over each case, under the conditions set forth in the act.

It is contended by the appellant that since it had an application pending at the time of the decedent's death, for a review on account of a change in the condition of the appellee that it was error on the part of the board to dismiss the same over the appellant's objection, and that it was likewise error to permit evidence to be introduced to show, as the appellant says, a different set of facts than set out in the agreement of the parties upon which the original award was based. Many cases are cited to the effect that an agreement, when filed with and approved by the board has the force and effect of an award, and adjudicates the facts involved therein. There is no doubt whatever of the correctness of the principle of law thus an-

nounced but it has no application to the instant case. Section 37 of the compensation act above cited provides the basis for the proceeding in the instant case. Upon the appellee's application herein the board was called upon to determine whether or not the decedent died from the injury he sustained within 300 weeks. Evidence was heard by the board on that issue. We have read it and it amply sustains the board in its finding that death so resulted. If death results from the injury within 300 weeks the section provides that "there shall be paid a weekly compensation equal to fifty-five per cent of the deceased's average weekly wage during such remaining part of three hundred weeks as compensation shall not have been paid to the deceased on account of the injury, in equal shares to all dependents of the employee wholly dependent upon him for support at the time of his death." The evidence disclosed that the deceased had been paid compensation for nineteen weeks amounting to $188.10 and credit was accordingly given for that amount upon the award. The board followed the law in making its award.

The appellant has raised some questions as to the admission of the death certificate of the deceased. There was no reversible error in the admission of this evidence. It was cumulative in nature and it has been held often that the admission of such evidence is not reversible error in a proceeding before the industrial board.

The award of the full board is not contrary to law and it is affirmed and increased five per cent.

Award affirmed.