## RADANOVICH *v.* STUDEBAKER CORPORATION

[No. 17,516. Filed October 28, 1946.]

 

*Lamberson, Wood & Keyes,* of South Bend, for appellant.

*Crumpacker, May, Carlisle & Beamer,* and *John F. Cotter,* all of South Bend, for appellee.

DRAPER, J.—It appears that the appellant, while employed by the appellee in its aviation division, requested transfer to its automotive division, and for the purpose of the transfer was required to submit to a physical examination. The transfer was effected and he was put to work trucking lumber on a push truck. About one year later while so employed, an overhead door dropped on his head, causing the injuries complained of.

The appellee filed a motion to dismiss appellant's application for compensation, in which motion the appellee challenged the jurisdiction of the Industrial Board on the ground that the appellant, when transferred, had elected to exempt himself from the operation of the Indiana Workmen's Compensation Law.

The Board heard evidence and found that after the appellant was examined he was informed that because of his physical condition he was not suitable for the desired employment, and in order to work for the appellee he was requested to sign the notice of employee's rejection of the provisions of the Act, and that he did sign said rejection. On this finding the Board entered an order dismissing the application.

At all times herein mentioned the appellee was operating under and was bound by the terms of the Act. The question as to whether the appellant knew what he was signing was involved below but is not urged here. In

the state of the record as it comes to us we must assume that he did know.

The type or character of the employment was not such as to make the Act compulsory, and the appellant, therefore, had the undoubted right to elect to exempt himself from the operation of the Act. We concede appellant's contention that such an election, to be valid and binding upon him, must be a free and voluntary one, uninduced by fear, fraud, intimidation or coercion of any kind or nature. We cannot, however, adopt the view that to make a rejection of the Act by an employee a condition precedent to employment must, under any and all circumstances, be considered to be coercive.

The employment relationship is a contractual one. The employer has the right to refuse employment to a physically impaired applicant therefor, and in this case had previously refused employment to the appellant because of physical impairment. An employee, on the other hand, has the right to accept or refuse employment upon the terms offered.

The appellant was refused a transfer because of his physical condition. It is not claimed that his condition or the results of his physical examination were misrepresented to him, nor does it appear that he was in any way deceived, intimidated or coerced. There is no suggestion that the appellee's refusal to transfer the appellant for the reason assigned was in fact a trick or artifice to relieve it of any obligation imposed by the Act. The appellant was offered the opportunity to make a free election with knowledge of the facts. He did so, and must be bound by it.

It is true the appellant's physical infirmities bore no reasonable relationship to the cause of his injuries, but

that fact is not decisive here, for his valid and binding election to exempt himself from the operation of the Act deprives him of financial benefits under the Act however those injuries were received. His future rights under the Act were fixed by his election, and not by the nature or cause of his injuries.

At all times in question ch. 136, § 1, Acts of 1943, provided that no contract or agreement, written or implied, and no rule, regulation or other device should in any manner operate to relieve any employer in whole or in part of any obligation created by the Act. It further provided that where an employee was physically handicapped at the time of the employment, he might make a partial rejection of the Act after submitting to a medical examination by a physician who should certify under oath as to the nature and extent of such physical handicap.

The opportunity thus provided a physically handicapped employee to make a partial rejection of the Act did not destroy his right to reject the whole Act. No effort was made to bring this employment within the provisions of that section having to do with a partial rejection of the Act by a physically handicapped applicant for employment and it therefore has no application to this case.

The first portion of the section above referred to was then and is now in effect, but a free, intentional and voluntary rejection of the Act by an applicant for employment who has full knowledge of the facts cannot be regarded as a violation thereof by an employer.

We feel that the foregoing is in full accord with the spirit as well as the letter of the Indiana Workmen's Compensation Act. It was designed to benefit the workmen. It was not intended to so operate as to make

it impossible for men physically handicapped to obtain employment.

Whether, under the facts in this case, the employer as well as the employee must be considered to have elected not to operate under the Act, so that the common law defenses mentioned in § 10 of the Act (§ 40-1210, Burns' 1940 Replacement) would not be available to the employer in a suit brought by the employee, is not before us.

The Board was without jurisdiction and the award is affirmed.

NOTE.—Reported in 69 N. E. (2d) 132.