## FRANKFORT GENERAL INSURANCE COMPANY v. CONDUITT ET AL.

[No. 10,551.   Filed April 20, 1920.   Rehearing denied October 28, 1920.   Transfer denied January 7, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensation Agreement.—Validity.—Notice to Insurer.*—Though the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918) makes no provision for notice to the insurance carrier nor for making it a party to an agreement under §57 for compensation, such an agreement, when approved by the Industrial Board, is binding on the parties thereto until revoked, even though the insurer had no actual notice of its execution or approval.   p. 589.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensation Agreement.—Insurer's Right to Apply for Vacation of Approval.*—Though the provisions of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918) are part of the insurance carrier's contract with the employer, and the insurer, under the act, is bound by an award rendered against the employer, it is not a necessary party to a compensation agreement, but it is a party in interest, entitled to all the rights of the employer, including that of appeal, and on its request it should be made a party, and is then entitled to apply under §58 of the act to vacate the order approving the agreement.   p. 589.

3. ARBITRATION AND AWARD.—*"Award".*—An award is the decision or determination of arbitrators to whom a dispute or controversy between two or more persons has been submitted for a decision and determination out of court.   p. 591.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensation Agreement.— Insurer's Application to Vacate Approval.—Right of Appeal.*—If the Industrial Board has authority to entertain and determine an insurance carrier's application to vacate the approval of a compensation agreement, the ruling of the board upon such application would be an award appealable under §61 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918).   p. 591.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensation Agreements. — Vacation for Fraud or Mistake. —* Though not expressly authorized by the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), the Industrial Board has the power in case of fraud,

duress or mistake to vacate its approval of a compensation agreement and to entertain an application for that purpose when made by the employee, employer or insurance carrier, but such applications should be closely scrutinized and cautiously granted.  p. 594.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—City Fireman.—Employe within Compensation Insurance Policy.*— Where it was the intention of the insurer that its workmen's compensation insurance policy should cover city firemen, their salaries being considered in fixing the amount of the premium paid, and the insurer prepared the report of a fireman's death to be filed with the Industrial Board and also a compensation agreement between the city and the fireman's dependents, which was approved by the board and paid, the fireman was an employe, and not an officer, of the city in so far as the insurer was concerned.  p. 594.

7. MASTER AND SERVANT.—*Workmen's Compensation Act.—Vacation of Compensation Agreement.—Insurer's Misconception of Law.*—A mere misconception on the part of an insurance carrier as to the law is not of itself such a mistake as would authorize the setting aside of a compensation agreement approved by the Industrial Board.  p. 596.

From the Industrial Board of Indiana.

Application by the Frankfort General Insurance Company to set aside the approval by the Industrial Board of a workmen's compensation agreement entered into between the city of Newcastle and the dependents of George A. Conduitt, deceased.  From a denial of the application, the insurer appeals.  *Affirmed.*

*Elmer E. Stevenson,* for appellant.

*Evans & Dewitt* and *Barnard & Barnard,* for appellees.

MCMAHAN, J.—This is an application by appellant to set aside and vacate the approval by the Industrial Board of a workmen's compensation agreement entered into between the city of Newcastle and the other appellees, who are the dependents of George A. Conduitt.

On and prior to February 25, 1916, George A. Conduitt was a member of the fire department of the city

of Newcastle, and on said day, while engaged in an effort to extinguish a fire in said city, and while so doing, he accidently received an injury which arose out of and in the discharge of his duties as such fireman, and which resulted in his death February 26, 1916. Within a few days after said death, the appellant by an authorized representative made an investigation of the facts, and caused a report of said injury and death to be filed with the Industrial Board. On March 6, 1916, appellant prepared a compensation agreement upon the form prescribed by the Industrial Board, and caused it to be executed by the city of Newcastle and the other appellees, they being the dependents of George A. Conduitt, in which it was agreed that the city of Newcastle would pay said dependents a weekly compensation of $6.93 for a period not exceeding 300 weeks, and funeral expenses not to exceed $100. Said agreement was filed with the Industrial Board by the appellant, and on March 9, 1916, was approved by a single member of said board. No application to review the action of the board approving said agreement was ever filed. In accordance with said agreement, said city paid to the appellees the compensation fixed by said agreement for a period of 104 weeks, and also paid burial expenses in the sum of $100, all of which was repaid to it by the appellant.

On August 31, 1918, the appellant filed its petition to vacate the approval of the agreement of compensation, alleging that by the mutual mistake and misunderstanding of all of the parties to said agreement it was erroneously assumed that George A. Conduitt, at the time he received the injuries which resulted in his death, was an employe of said city, and that said agreement was entered into as the result of said mutual mistake, and not otherwise; that, as a matter of fact, said George A. Conduitt was not an employe of the city of Newcastle,

but was a public officer, and that appellant was not bound under its policy of insurance to pay compensation to the dependents of said decedent; that there was not and is not any liability under the law on the part of either said city of Newcastle or appellant to pay any workmen's compensation; that the compensation agreement was executed, and all the payments of compensation were made without any consideration, and that, upon discovering said mistake, payment of compensation was discontinued. The city of Newcastle, having refused to file a petition to vacate said approval, was made a party defendant. Prayer that the Industrial Board set aside and revoke its approval of said compensation agreement and declare said agreement void.

A hearing upon this application was had before the Industrial Board after notice, and the application of appellant to set aside and vacate the approval of the compensation agreement was denied, from which appellant prosecutes this appeal.

The appellees have filed a motion to dismiss this appeal for the alleged reason that no appeal from the order of the Industrial Board denying an application to vacate the compensation agreement is authorized.

Section 57 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) as amended, Acts 1917 p. 227 (§8020o2, *supra*), provides that, if the employer and the injured employe, or his dependents in case of death, reach an agreement in regard to compensation, a memorandum of the agreement in the form prescribed by the Industrial Board shall be filed with the board, and if approved by the board shall be enforceable by court decree.

Section 58 (§8020p2, *supra*) provides that, if the employer and the injured employe, or his dependents, fail to reach an agreement in regard to compensation, or if they have reached such an agreement which has been

signed and filed with the board, and compensation has been paid or is due in accordance therewith, and the parties thereto disagree as to the continuance of any weekly payment under such agreement, either party may make application to the board for a hearing in regard to the matters at issue and for a ruling thereon.

Section 59, as amended, Acts 1917 p. 154 (§8020q2, *supra*), provides that: "The board, by any or all of its members, shall hear the parties at issue, their representatives and witnesses, and shall determine the dispute in a summary manner. The award shall be filed with the record of proceedings, and a copy thereof shall immediately be sent to each of the parties in dispute."

Section 60, Acts 1917 p. 154 (§8020r2, *supra*), provides that: "If an application for review is made to the board within seven days from the date of an award, * * * the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file same, with a finding of the facts on which it is based. * * *"

Section 61, Acts 1917 p. 154 (§8020s2, *supra*) relates to appeals and provides that: "An award of the board by less than all of the members, as provided in section 59, if not reviewed as provided in section 60, shall be final and conclusive. An award by the full board shall be conclusive and binding as to all questions of fact, but either party to the dispute may, within thirty days from the date of such award, appeal to the appellate court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions. * * *"

Section 73 (§8020e3, *supra*) requires that the policy of insurance issued by appellant contain a clause to the effect that notice to or knowledge by the employer of the occurrence of an injury should be deemed notice to

the insurance carrier; that jurisdiction of the employer for the purpose of the act should give jurisdiction of the insurer, and that the insurer should in all things be bound by and subject to the awards, judgments or decrees rendered against the employer. This section was amended by Acts 1919 p. 158, 172, and now requires the policy to contain other provisions. The effect of this section is to make the insurance carrier a party to the award made by the Industrial Board.

Section 74 (§8020f3, *supra*) provides that the policy should be construed as a direct promise by the insurance carrier to pay to the person entitled to compensation all benefits awarded under the act.

With certain exceptions, it is made the duty of the employe or his representative to give the employer written notice of the occurrence of the jury. §22 (§8020f1, *supra.*)

No provision is made anywhere in the act for notice to the insurance carrier, nor for making it a party to the agreement for compensation, nor to the application by the employe for compensation. The agreement between the employer and the employe under §57, *supra,* when approved by the board, is binding on the parties thereto as long as it stands unrevoked, even though the insurer had no actual notice of its execution or approval.

It evidently was not the intention of the legislature that it should be necessary to make the insurance carrier a party to the agreement between the employer and employe for compensation, nor to the proceedings before the Industrial Board asking its approval of the agreement. The provisions of the compensation act entered into and became a part of the contract of insurance, and, while the insurance carrier was not a necessary party to the agreement for compensation or to an application filed with the Industrial

Board for compensation, it does not necessarily follow that it was not a proper party. Under the law, and its contract of insurance, the appellant as an insurance carrier was, as heretofore stated, bound by and subject to the award, judgment and decree rendered against the employer. Being a party in interest, it was a proper, though not necessary, party to the agreement for compensation, and to an application for compensation. When an insurance carrier is made a party, it is entitled to all the rights of the employer, including the right of appeal. If an insurance carrier seasonably appears before the Industrial Board and asks to be made a party to the proceedings, its request should be granted.

The appellant, as insurance carrier, was an interested party, and the city of Newcastle, having failed and refused to file an application to vacate and set aside the approval of the agreement for compensation, had the right to file an application to vacate said order of approval, and the Industrial Board had authority, under the sections hereinbefore mentioned, to hear said application and make a ruling thereon.

Upon the filing of the application herein, the board fixed a date for the hearing, and notified the parties of the time and place of such hearing. A hearing was had before one of the members of the board in accordance with §59, supra, and the application denied. Within seven days thereafter, the appellant filed an application for a review before the full board. The hearing was had before the full board, and the application was again denied.

The right of appellant to appeal to this court from the action of the board in denying its application depends upon the power and authority of the board to entertain and act upon such application. The Industrial Board is a board of arbitration to which the employer and the employe, by electing to accept the pro-

visions of the Workmen's Compensation Act, agree to submit all matters in dispute between them relative to compensation in case of injury to the employe. The board under the law is authorized to decide such controversy between employer and employe when submitted to it and its decision is called an award. An award is the decision or determination of arbitrators to whom a dispute or controversy between two or more persons has been submitted for a decision and determination out of court. *Peters* v. *Peirce* (1812), 8 Mass. 398.

The Supreme Court of Michigan, in discussing the Workmen's Compensation Act of that state, said: "The act being elective, it is operative only as to those who choose to come within its provisions, and in that particular it is a board of arbitration by agreement, * * *." *Mackin* v. *Detroit-Timkin Axle Co.* (1915), 187 Mich. 8, 153 N. W. 49.

If the board had the authority to entertain appellant's application, and to decide whether it should be sustained or denied, the action or decision of the board in sustaining or denying such application would under the law be an award and under §61 appealable.

In *re Stone* (1917), 66 Ind. App. 38, 117 N. E. 669, the employer and employe entered into a compensation agreement which was approved by the Industrial Board. About six weeks thereafter, the employe filed with the Industrial Board a petition alleging a mutual mistake as to the terms of the agreement and the amount of compensation payable thereunder. This court, in discussing the question as to whether the Industrial Board had jurisdiction to consider said application, said: "But, assuming that it was intended by the employer as a compromise settlement, we are of the opinion still that the Industrial Board under its broad supervisory pow-

ers expressly conferred by the statute creating it would have the power to hear and determine the petition before it at any time before the case was finally disposed of. Its jurisdiction in such matters is not dependent upon the setting aside of the agreement. Such jurisdiction exists over the subject-matter and the parties notwithstanding the agreement, whether it be an agreement upon the facts giving the board jurisdiction only, or whether it be a compromise settlement of all compensation due under the act and is broad enough to include all disputes between the employer and the injured employe or his dependents with reference to the compensation to be paid or received under the act. In arriving at the conclusion above reached we do not hold that the Industrial Board is more than an administrative body or arm of the government, which in the course of its administration of the law is empowered to ascertain some questions of fact and apply the existing law thereto, and in so doing acts quasi-judicially. It is not a court and is not vested with judicial powers within the general acceptation of that term. Neither do we hold that the Industrial Board has the power to set aside its own acts in the absence of fraud, duress, or mistake being averred in a petition filed for that purpose, and after such fact has been fully shown by the proof."

In *Aetna Life Ins. Co.* v. *Shiveley* (1918), (Ind. App.) 121 N. E. 50, the appellant, insurance carrier, filed an application to set aside an order concerning the compensation agreement entered into between the employer and the dependents of the insured. It was there held that: "Where an insurance carrier, for sufficient cause shown, seasonably petitions to be admitted as a party to any such proceeding, the plainest principles of justice demand that it be admitted and heard." The insurance carrier in that case was not a party to the compensation agreement, although it had

knowledge that the agreement had been entered into and had been filed with the Industrial Board, and had notified the Industrial Board that it was objecting to its approval. Without fixing a date, and without notifying the insurance carrier, the board approved the agreement, and made an award in accordance therewith. After holding that the mere fact that an insurance carrier was not a party to the execution of such agreement or to a proceeding directed to its approval does not invalidate it even as against such insurance carrier, the court, in discussing the subject, said: "It does not follow, however, that an employer and an injured employe, or dependents of the latter in case of his death may, over the opposition of the insurance carrier, bind the latter by such an agreement, regardless of the good faith of the parties or the merits of the involved claim. Where such an agreement is the result of mistake, or is tinctured with fraud, or characterized by gross irregularity affecting the substantial rights, or has no meritorious foundation in fact, or the like, we do not regard it as binding on the insurance carrier, either before or after its approval, as against a proper proceeding, seasonably made, to right the consequent wrong."

As stated in the opinion just referred to, "The board is not expressly authorized to vacate an order approving such an agreement as is involved here. It is expressly authorized to approve such an agreement, fairly made, and conforming to the act. It necessarily follows that, as an incidental power the board is authorized to determine whether such an agreement was fairly made and whether it does conform to the act. But when the board's approval has been procured by fraud, or is the result of mistake or the like, and where as a consequence the agreement and its approval have no just foundation

upon which to stand, it seems to us apparent that in any pending proceeding the board, as an incidental power, has a right to determine such fact, and, if found to exist, annul the order approving the agreement. * * * There should, however, be some finality in the action of the board. Where an insurance carrier has had reasonable opportunity to be heard on the proposition of the approval of such an agreement, but has failed to avail himself thereof, his motion to vacate such order should not be entertained unless he clearly excuses the failure."

We hold that the Industrial Board has the power in case of fraud, duress, or mistake, to vacate its approval of a compensation agreement, and to entertain 5. an application for that purpose, when made by the employe, employer, or insurance carrier. Such applications should be scrutinized closely and cautiously granted. It is important that a case under the Workmen's Compensation Act after award made should not be reopened for the purpose of allowing a party to make a new and distinct case. *Benjamin & Johnes* v. *Brabban* (1917), 90 N. J. L. 355, 103 Atl. 688. It is not the policy of such statutes that there be retrials for error as in an ordinary action. Upon the hearing an award is entered, which for all practical purposes has the effect of the award of an arbitrator under the common law. Our judgment is that an appeal lies from the order of the board denying appellant's application. The motion to dismiss is therefore overruled.

In addition to the facts heretofore set out, the board found that the salary of George A. Conduitt was fixed by an ordinance, and that the compensation in- 6. surance policy issued by the appellant to the city of Newcastle was intended to cover the city firemen as employes; that, on account of said liability to the said firemen of said city, the appellant collected as

a premium from said city the sum of $608.72 which it has at all times retained and has never returned the same or any part thereof, nor offered to return the same or any part thereof to said city. It is also found that the appellant was fully informed about the facts when it filed with the Industrial Board the report of the death of said George A. Conduitt; that when it procured the execution of the compensation agreement, and when it filed the same with the Industrial Board, it was not deceived or mistaken as to any fact in connection therewith, and there was no mutual mistake of fact between any of the parties; that if there was any mistake, it was a mistake of law; that, in determining the premium upon said policy issued by the appellant to said city, the compensation paid to the members of the fire department of said city was included as a part of the payroll of the employes of said city, and the premium was based upon said payroll, including the compensation of the city firemen.

In *Kennedy* v. *Kennedy Mfg., etc., Co.* (1917), 177 App. Div. 56, 163 N. Y. Supp. 944, the court said: "When the policy was taken the insurer knew his position in the company, and included his salary in the payroll upon which the premium was based. * * * The insurer, by treating the claimant as an employe and including his salary in the payroll as a basis for the premium, may not now be in a position to deny that he was an employe."

It is appellant's contention that George A. Conduitt was an officer and not an employe of the city of Newcastle, and therefore that the appellant was not liable under the policy issued to the city.

We do not deem it necessary to enter into a general discussion of this subject. It appears that at the time the insurance policy was issued it was the intention of the appellant that the policy should cover city firemen.

The appellant and the city contracted with that idea in mind. The salaries of the firemen were taken into consideration in fixing the amount of the premium to be paid appellant for such policy. The appellant accepted and retained such premium, treating the firemen as employes. It prepared or caused to be prepared the report of George A. Conduitt's death to be filed with the Industrial Board. It prepared and caused the compensation agreement between the city and the dependents of George A. Conduitt to be entered into and approved by the Industrial Board. After approval of said agreement for compensation, the appellant made 104 weekly payments in accordance with the award made by the board. Under the facts and circumstances as disclosed by the record, we are of the opinion that, in so far as the appellant is concerned, George A. Conduitt was an employe of the city of Newcastle.

A mere misconception on the part of the insurer as to the law would not of itself be such a mistake as would authorize the setting aside of the compensation agreement. Especially so where the insurer, after having itself procured the agreement and caused it to be approved, learned of a case which it claims holds that a city fireman is an officer and not an employe of the city. The appellant was not misled in any way by the appellees. We think appellant should be held to know the character of its business. At any rate, there is no reasonable showing that it did not know as much about the relation existing between the deceased and the city before the settlement of the question as afterwards. Nor does it appear that all the facts coming to appellant's knowledge after the approval of the compensation agreement could not by the same investigation have been learned before.

We find no error in the record. The action of the Industrial Board is affirmed.