AMERICAN COAL MINING COMPANY *v.* DECOURCEY.

[No. 10,935.   Filed February 2, 1921.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Refusal of Employer's Physician.—Loss of Compensation.—Waiver.—* Where an employer voluntarily paid compensation to an injured employe for the full period during which he refused to accept the services of the employer's physician, the employer waived any right it may have had to refuse compensation under §25 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) while such refusal continued and cannot refuse thereafter to pay compensation duly awarded such employe for permanent partial disability because of the past refusal to accept the physician's services.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by William Decourcey against the American Coal Mining Company.   From an award for applicant, the defendant appeals.   *Affirmed.*

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton* and *George W. Buff,* for appellant.
*John A. Riddle,* for appellee.

ENLOE, J.—On August 19, 1919, the appellee, while in the employment of appellant, received an injury by accident arising out of and in the course of his employment, which resulted in his temporary total disability.   On October 30, 1919, the appellant entered into a compensation agreement with the appellee, whereby it undertook and agreed to pay to appellee compensation at the rate of $13.20 per week, during the period of his total disability, not exceeding the period fixed by law, which agreement was never approved by the Industrial Board of Indiana.   Appellant paid to appellee compensation under said agreement during the period of his total disability, amounting to the sum of $209.31.   On December 16, 1919, appellee filed with the Industrial

Board his application for an award of compensation, as for permanent partial disability, and a hearing was had first before one member of said board, and later, upon application for review, the matter was considered by the full Industrial Board, which made the following finding:

"And the full board made a personal inspection of the plaintiff's injury, heard the argument of counsel, reviewed the evidence and being duly advised in the premises, finds that on the 19th day of August, 1919, plaintiff was in the employment of the defendant at an average weekly wage in excess of $24.00; that on said date he received a personal injury by an accident arising out of and in the course of his employment, of which the defendant had actual knowledge at the time; that as a result of his injury the plaintiff was totally disabled continuously from the date thereof until and including the 15th day of December, 1919; that on the 30th day of October, 1919, the plaintiff and defendant entered into a compensation agreement whereby the defendant agreed to pay to the plaintiff compensation during the period of his total disability not exceeding the period fixed by the law, which agreement was never approved by the Industrial Board of Indiana; that the defendant paid to the plaintiff compensation for disability in excess of seven days until and including the 15th day of December, 1919, or the total of $209.31; that on the date of the plaintiff's injury the defendant provided him with an attending physician, but made no statement as to the period during which said physician would be furnished; that a few days afterward the plaintiff discontinued the services of said physician and procured the services of an entirely different physician and thereafter refused to accept the services of the physician provided by the defendant; that the defendant has voluntarily paid to

the plaintiff compensation for the full period of his refusal to accept the services of the physician provided by it; that as a result of the plaintiff's injury he has permanently lost 33 1/3 per cent. of the use of his right foot."

Upon this finding the board made an award of compensation at the rate of $13.20 per week for the period of fifty weeks, to be paid in a lump sum, with a deduction of $209.31 theretofore paid by appellant. From this award this appeal is prosecuted under an assignment of error that the award of the full board is contrary to law.

The appellant in its brief says: "There is evidence in the record to support each and every finding made by the Industrial Board," but it insists that, as the findings show that at the time of the injury appellant furnished a physician to attend the appellee, and that a few days thereafter the appellee discontinued the services of such physician, and procured one of his own choosing, and thereafter refused to accept the services of the physician so provided by appellant, and that as there is no finding that the circumstances in this case justified such refusal, and that as such refusal has been continuous, the appellee is not entitled to an award of compensation, under the provisions of §25 of the Workmen's Compensation Act. Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918.

It will be noted that the board found that appellant had voluntarily paid appellee compensation *for the full period of his refusal to accept the services of the physician provided by it.* As the payments made by the appellant ended on December 15, 1919, it necessarily follows that the refusal relied upon also ended upon said date. Under the finding, the contention of the appellant cannot be sustained. It was, by said board, given full credit for the money it so paid and is in no position

to complain, since it further appears that on October 30, 1919, and long after appellee had refused to accept the services of the physician tendered by appellant, it entered into the aforementioned contract with appellee, and voluntarily paid him compensation, when it well knew that, under the provisions of the statute upon which it is now insisting, he was not legally entitled thereto. If such total disability had continued for the full maximum period fixed by the statute, the appellant, on the record before us, after December 15, 1919, certainly could not have successfully resisted the making of the payments as stipulated in its said contract. *Frankfort General Ins. Co.* v. *Conduitt* (1920), 74 Ind. App. 584, 127 N. E. 212. It had voluntarily and intentionally foregone its right in that matter. In short, it had waived it. It now seeks to take advantage of appellee's refusal to receive medical attention from its doctors, at a time when, according to the findings, such refusal does not exist. This it cannot do. The award upon the findings is right, and must be affirmed.