E. J. ALBRECHT COMPANY *v.* MICHAW ET AL.

[No. 16,581.   Filed October 15, 1940.]

*James L. Murray,* of Indianapolis, for appellant.

*Thorpe, Bamber & Harrison,* of Hammond, for appellees.

STEVENSON, J.—This is an appeal from a final award of the Industrial Board of Indiana made on the 23rd

day of January, 1940. The action was originally instituted by Benjamin A. Michaw against L. P. Friestedt Company (erroneously named H. F. Friestedt Company), E. J. Albrecht Company, and the State Highway Commission of Indiana.

The appellee Benjamin A. Michaw was injured on the 4th day of June, 1936. At that time he was in the employment of the L. P. Friestedt Company and was engaged in the construction of a bridge on the state highway. At the time of the accident L. P. Friestedt Company was operating as a subcontractor under the general contract between E. J. Albrecht Company and the State Highway Commission of Indiana. L. P. Friestedt Company, at the time, carried compensation insurance with the Builders & Manufacturers Mutual Casualty Company.

Following said injury, compensation was paid to the said Michaw at the maximum rate for a period of sixty-nine (69) weeks. On July 13, 1937, Michaw filed an original application for compensation with the Industrial Board. In this application Michaw incorrectly named his employer as H. F. Friestedt Company, instead of L. P. Friestedt Company. The E. J. Albrecht Company and State of Indiana were also made parties defendant to this petition. All parties defendant appeared to this petition, including the incorrectly named L. P. Friestedt Company. Hearing was had and an award was entered on this application in favor of the injured employee and against H. F. Friestedt Company at the rate of $16.50 per week during temporary total disability.

The Board further found that the petitioner should take nothing as against the E. J. Albrecht Company and the State of Indiana. Credit was allowed the defendant for the sixty-nine weeks' compensation

already paid. No appeal was taken from this award and compensation was paid thereunder until March, 1938.

On the 15th day of October, 1938, the said Michaw filed a petition before the Industrial Board for a review of the reward on account of a change in conditions. In this petition he named L. P. Friestedt Company as his employer and no other defendants were named in said application. No action was taken on this petition and on February 1, 1939, the said Michaw filed a petition with the Industrial Board to correct the name of the employer as entered in the first award and alleged in said petition that it was necessary to substitute the name of L. P. Friestedt Company as a party defendant in order to validate the order heretofore made. Shortly after the filing of this petition the Industrial Board, by a majority of its members, and without any hearing, and without any notice and without any appearances, entered a finding in which was recited the things done with reference to the hearing on the original application and with particular reference to the mistake in the name of the employer as erroneously entered in the award. Upon such finding the Industrial Board set aside their award dated October 21, 1937, and ordered an amendment of the application originally filed July 13, 1937, to include the name of L. P. Friestedt Company as employer along with the E. J. Albrecht Company and the State Highway Commission of Indiana. The cause was again set for hearing on this original application as amended. A hearing was had on this amended application on the 4th day of April, 1939, and an award was made against the L. P. Friestedt Company in favor of the appellee Michaw at the rate of $16.50 per week for four hundred (400) weeks beginning June 12, 1936. Credit was given for the amounts

formerly paid and there was a further finding in favor of the E. J. Albrecht Company and State Highway Commission. No appeal was taken from this award.

On July 11, 1939, the appellee Benjamin A. Michaw filed his petition to set aside the order entered on April 27, 1939, because of mistake, misrepresentation, and fraud on the part of E. J. Albrecht Company, whereby the appellee Michaw had been deceived and induced to stipulate and agree that the said E. J. Albrecht Company had complied with Section 14 of the Workmen's Compensation Act and had made application to the Industrial Board and had received from said board a certificate to the effect that the L. P. Friestedt Company had complied with Sections 5, 68, and 69 of the Workmen's Compensation Act, all as provided by Section 14 of the Workmen's Compensation Act. (§ 40-1214, Burns' 1933.)

The petition alleged that in truth and in fact the said E. J. Albrecht Company had not exacted from the L. P. Friestedt Company the certificate of compliance issued by the Industrial Board and that by reason of such failure, was not relieved from liability. The petition asked that the award be set aside and a rehearing granted.

A hearing was had upon this application and on September 12, 1939, the Industrial Board set aside the finding and award of April 27, 1939, and reinstated the cause for further hearing. Another hearing was had upon this petition and on the 23rd day of January, 1940, a finding and award was entered. This finding reads in part as follows:

"The Full Industrial Board further finds that prior to June 4, 1936, the defendant, E. J. Albrecht Company, had entered into a contract with the State Highway Commission of Indiana for the erec-

tion and construction of a bridge in Lake County, Indiana, known and designated as Indianapolis Boulevard job in said county, and that the defendant, E. J. Albrecht Company, held the general contract for the erection and construction of said bridge on and prior to the 4th day of June, 1936.

"And the Full Industrial Board further finds that prior to and on the 4th day of June, 1936, the defendant, L. P. Friestedt Company, plaintiff's employer, had entered into a contract with the defendant general contractor, E. J. Albrecht Company, whereby the said defendant, E. J. Albrecht Company, sub-let part of said work and labor under said contract to the defendant, L. P. Friestedt Company, which the defendant, L. P. Friestedt Company, was duly executing on and prior to the 4th day of June, 1936.

"And the Full Industrial Board further finds that on May 9, 1936, a Form 19 certificate was issued by the Industrial Board of Indiana to the State Highway Commission of Indiana, showing that the defendant, E. J. Albrecht Company, general contractor, had complied with Sections 5, 68 and 69 of the Workmen's Compensation Act.

"The Full Industrial Board of Indiana further finds that the defendant, E. J. Albrecht Company, general contractors, failed to exact a certificate Form 19 from the Industrial Board of Indiana showing that the defendant, L. P. Friestedt Company, its sub-contractor and defendant employer had complied with Sections 5, 68 and 69 of said Acts as provided by Section 14 of the Workmen's Compensation Law and Section 40 of the rules adopted by the Industrial Board of Indiana May 22, 1929, under authority of Section 55 of the Workmen's Compensation Act of the State of Indiana.

"And the Full Industrial Board now finds for the defendant, State Highway Commission of Indiana, on plaintiff's amended application Form 9."

On this finding an award was entered against the L. P. Friestedt Company and E. J. Albrecht Company for compensation at the rate of $16.50 per week for

a period of three hundred seventy-five (375) weeks. It is from this award that this appeal has been taken.

The error assigned on appeal is that the award of the Full Industrial Board is contrary to law. The appellant first contends under this assignment of error that the order of the Industrial Board of February 6, 1938, was contrary to law, in that it set aside and held for naught the original award of October 21, 1937, upon appellee's petition to correct the name of one of the defendants, without any hearing upon said petition, without any notice to the parties, and without any appearance by such parties. Whether the Industrial Board committed error in so doing need not be discussed here for the reason that the appellant was apparently not harmed by such proceeding. This is true for the reason that the second order made on April 27, 1939, again relieved the E. J. Albrecht Company from any liability.

The appellant further contends that the Industrial Board erred in its action of September 12, 1939, wherein the award of April 27, 1939, was set aside and a further hearing granted on the petition setting up fraud and mistake of fact. It will be noted that our statute provides for a continuing power of the Industrial Board over cases properly before it. The statute further provides, "The board shall not make any modifications upon its own motion, nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award, made either by agreement or upon hearing. The board may at any time correct any clerical error or mistake of fact in any finding or award." § 40-1410, Burns' 1933.

The question therefore presented is whether or not the Industrial Board may at any time during the com-

pensation period set aside an award upon a showing of a mistake of fact. Our court has held that, "The Industrial Board has the power in case of fraud, duress, or mistake, to vacate its approval of the compensation agreement, and to entertain an application for that purpose, when made by the employee, employer, or insurance carrier." *Frankfort, etc., Ins. Co.* v. *Conduitt* (1921), 74 Ind. App. 584, 594, 127 N. E. 212; *Aetna Life Insurance Co.* v. *Shiveley* (1921), 75 Ind. App. 620, 121 N. E. 50.

Our court has further held that, "The fact that a mistake was made, if one was made, by the board in the award sought to be reviewed, is not ground for a review because of a change in condition. A mistake is no ground for reviewing an award because of change in condition. Appellee's remedy, if any, was by application to vacate because of mistake." *Indianapolis, etc. Tube Co.* v. *Surface* (1927), 86 Ind. App. 55, 155 N. E. 835.

It is our opinion, therefore, that Michaw's petition to set aside the award because of mistake was a proper procedure.

This being the rule, the question therefore presented is whether or not the evidence before the Industrial Board discloses a mistake of fact sufficient to sustain the award. The record discloses that at the time of the second hearing held on April 4, 1939, on which the order of April 27, 1939, was entered, the parties stipulated and agreed that the E. J. Albrecht Company and the State Highway Commission of Indiana had each complied with Section 14 of the Workmen's Compensation Act and had each made application for a certificate of compliance which had been issued to them. The record further shows that on the 15th day of May, 1936, the Builders & Manufacturers Mutual Casualty Com-

pany, as insurance carriers for the L. P. Friestedt Co., wrote to the Industrial Board of Indiana the following letter:

"May 15, 1936

Industrial Board of Indiana
Capitol Bldg.,
Indianapolis, Indiana
Gentlmen:

We are herewith enclosing Certificate of Insurance for the L. P. Friestedt Company, 109 North Dearborn Street, Chicago, Illinois.

Will you kindly issue six copies of your 'Form No. 19 (Certificates of Compliance) for this assured and forward them to the E. J. Albrecht Company, 2632 West 26th Street, Chicago, Illinois. These Certificates are for the P. W. A. Director of Indianapolis, Indiana, in connection with work on the Indianapolis Boulevard job.

Kindly acknowledge receipt of this request and advise when it has received your attention.

Very truly yours,
BUILDERS & MANUFACTURERS
MUTUAL CASUALTY COMPANY
G. N. Morrissey
CW          Comp. & Liab. Division"

The evidence further discloses that Form 19 was issued pursuant to the request contained in the above letter by the Industrial Board and E. J. Albrecht Company had in its possession and introduced into evidence this certificate, which certificate is in words and figures as follows:

"STATE OF INDIANA
DEPARTMENT OF COMMERCE AND INDUSTRY
INDUSTRIAL BOARD DIVISION
(WORKMEN'S COMPENSATION)
FORM NO. 19
CERTIFICATE OF THE INDUSTRIAL BOARD AS TO EMPLOYER'S COMPLIANCE WITH SECTION 68, OF 'THE INDIANA WORKMEN'S COMPENSATION ACT,' BY INSURING HIS LIABILITY

"THE INDUSTRIAL BOARD OF INDIANA hereby certifies that L. P. Friestedt Company of Chicago, Ill., engaged in the business of Iron or Steel erection in the State of Indiana, being subject to the provisions of 'The Indiana Workmen's Compensation Act, 1929,' has complied with Sections Five, Sixty-eight and Sixty-nine of said Act, and has made proof to the satisfaction of said Industrial Board that said employer has insured their liability to pay compensation in the amount and manner and when due, as provided in said Act, by a policy of insurance issued by Builders & Mfg. Mut. Cas. Co., a company authorized to transact the business of workmen's compensation insurance in the State of Indiana.

This certificate is valid only for P. W. A. F. M. Logan Director for Indianapolis Boulevard job and will expire within one year from this date unless termination notice is mailed to the holder previous to date of expiration.

Witness the Industrial Board of Indiana, this 19th day of May, 1936.

INDUSTRIAL BOARD OF INDIANA
By Ira M. Snouffer,
Chairman

ATTEST:
. Edw. L. Beggs,
Secretary"

The evidence further shows that this certificate was exhibited to the attorneys for the appellee prior to the hearing in April, 1939, and its possession by the appellant afforded the basis for the stipulation into which the parties entered as to the compliance by the E. J. Albrecht Company with Section 14 of the Workmen's Compensation Act. These facts are not in controversy.

It is shown by the evidence that the Industrial Board retains in their file the original request for the issuance of these certificates, and a stub of the certificate actually issued. On. the stub retained by the Industrial Board for the certificates issued in compliance with the letter of the Builders & Manufacturers Mutual Casualty Com-

pany under date of May 15, 1936, appears the statement that: "On 5/19/36 Form 19 was issued to PWA-Logan for Indianapolis Blvd. job, covering L. P. Friestedt, Chicago, Illinois, insured by Builders & Manufacturers Mutual Casualty Company." No one testified, however, that these certificates of compliance were not in truth and in fact mailed directly to E. J. Albrecht Company as requested in the letter of May 15th. No one denies that the E. J. Albrecht Company had such a certificate in its possession at the time Michaw was injured. The certificate executed by the Secretary of the Industrial Board by which copies of the instruments above set out were authenticated contained the statement that these certificates of compliance were issued to the E. J. Albrecht Company by request of the Builders & Manufacturers Mutual Casualty Company.

The appellee contends that the burden is upon the appellant in this case to exact personally a certificate of compliance with Section 14 of the Workmen's Compensation Act if they are to be relieved from liability as a principal contractor. The appellee accordingly contends that the record conclusively shows that this was not done. We can find nothing in the statute which warrants this interpretation. The statute reads as follows: "Any principal contractor, intermediate contractor, or sub-contractor, who shall sublet any contract for the performance of any work, to a sub-contractor subject to the compensation provisions hereof, without requiring from such sub-contractor a certificate from the Industrial Board showing that such sub-contractor has complied with Sections 5, 68 and 69 of this act, shall be liable to the same extent as such sub-contractor for the payment of compensation." Section 40-1214, Burns' 1933. It will be noted that the

statute contemplates that the principal contractor shall require his subcontractor to furnish him with this certificate of compliance. When the subcontractor has furnished his principal with this certificate of compliance, the principal contractor is relieved from the duty to pay compensation. The method by which the subcontractor obtains these certificates is of no vital concern to his principal. He may write to the Industrial Board for such certificates, he may send a messenger for them or his insurance carrier may ask that they be furnished. The principal contractor is relieved from the duty to pay compensation when the subcontractor has furnished him with a certificate from the Industrial Board showing that he carries the type of insurance required by the Workmen's Compensation Act or has satisfied the Industrial Board of his financial responsibility. The Industrial Board, after hearing the evidence, found that this certificate of compliance had not been furnished to the E. J. Albrecht Company. The only circumstance which tends to support this finding is the information contained on the certificate stub retained by the Industrial Board to the effect that Form 19 was issued to PWA-Logan for the "Indianapolis Boulevard job."

Is this evidence sufficient upon which to set aside an award and to fix liability for compensation because of a mistake of fact? It is our opinion that this question must be answered in the negative. As was said by our court in the case of *Frankfort General Insurance Company* v. *Conduitt, supra,* applications for a change in award on account of mistake "should be scrutinized closely and cautiously granted. It is important that a case under the Workmen's Compensation Act, after award made, should not be reopened for the purpose of allowing a party to make a new

and distinct case." The parties to this action at the first and second hearings of this case were not misled or deceived. All parties were aware of the fact that the L. P. Friestedt Company as a subcontractor was insured by the Builders & Manufacturers Mutual Casualty Company, which policy became effective May 11, 1936, and proof of which was on file with the Industrial Board prior to June 4, 1936. All parties were aware of the fact that on May 19, 1936, certificates of compliance were issued showing that L. P. Friestedt Company had met the requirements of Section 5, 68 and 69 of the Workmen's Compensation Act. All parties were aware that the Industrial Board had been asked to furnish these certificates to the E. J. Albrecht Company. The Secretary of the Industrial Board had stated in his certificate that this had been done and the E. J. Albrecht Company had in their possession this certificate. These facts stood uncontroverted at the time of the hearing on the petition to set aside the award because of mistake of fact.

In the light of these facts it is our opinion that the statement on the certificate stub to the effect that Form 19 was issued to PWA-Logan, is not sufficient evidence upon which to conclude that the appellant had not complied with Section 14 of the Workmen's Compensation Act. It is at most a circumstance from which an inference might be drawn that Form 19 was issued to Logan but such fact does not warrant the further inference that a certificate was not also furnished to the E. J. Albrecht Company. The record in our opinion is conclusive that such certificate was furnished to the appellant.

For the reasons stated, it is our opinion that the award of the Industrial Board is not sustained by sufficient evidence and should be reversed.

The award of the Industrial Board is reversed with instructions to find for the appellant and to reinstate the award of April 27, 1939.

Bridwell, C. J., concurs in result.

NOTE.—Reported in 29 N. E. (2d) 334.