## TERRE HAUTE PAPER COMPANY *v.* PRICE.

[No. 17,045. Filed March 15, 1943. Rehearing denied May 22, 1943. Transfer denied June 23, 1943.]

580

*Adamson, Blair & Adamson,* of Terre Haute, for appellant.

*Frank Hamilton,* of Terre Haute, for appellee.

CRUMPACKER, J.—We adduce from the record and briefs of counsel that on the 7th day of June, 1939, the appellee was in the employ of the appellant at an average weekly wage of $25.52 and on said date sustained personal injuries by reason of an accident arising out of and in the course of his employment. Thereafter on the 1st day of July, 1939, the parties hereto entered into an agreement whereby the appellant was to pay the appellee, as compensation for his injuries, the sum of $14.04 per week beginning June 12, 1939, and continuing until terminated by the provisions of The Indiana Workmen's Compensation Act of 1929. This compensation agreement was duly approved by the Industrial Board of Indiana on the 10th day of July, 1939, and although a copy thereof is not in the record it appears from the undisputed evidence that the appellee's injury was described therein as a "strained back." On August 4, 1940, the appellee filed an application with the Industrial Board for a review of the award as provided in said compensation agreement on the ground that his injury had resulted in his permanent partial impairment as a man. This application was submitted for hearing to an individual member of the Industrial Board upon a stipulated set of facts in which the appellee's injury was described as a "sprain to the back."

The hearing member found such to be the fact and further found that as a result thereof the appellee was suffering a 15 per cent permanent impairment to the man as a whole and awarded compensation therefor in the sum of $14.04 per week for 75 weeks. This finding and award was duly entered of record on September 27, 1939, and was subsequently fully discharged in a lump sum. On March 28, 1941, the appellee filed an application for a review of the award of September 27, 1939, on the ground that since said date the degree of his permanent partial impairment had increased. No hearing on this application was ever had nor any action taken thereon, and, as far as the record discloses, it is still pending before the Industrial Board. Concurrently with the above application the appellee filed a petition to vacate the award of September 27, 1939, on the theory that it was based on a mistake of fact in that his injury was not a sprained back but in truth a rupture of the intravertebral disc between the fifth lumbar and the first sacral vertebrae of the spinal column. The appellant filed a motion to strike this petition from the record on the theory that the mistake of fact therein alleged is not such as would justify or support the vacation of said award in that it is based wholly upon a disputed diagnosis of appellee's injury. The petition to vacate was eventually heard by the full Industrial Board, and, on July 24, 1942, said board found that the award of September 27, 1939, was based on a "mistake of fact as to the nature of plaintiff's injury and that ever since the date of said accidental injury the plaintiff has been temporarily totally disabled as of the date of this hearing." The appellant was thereupon ordered to resume the payments of compensation in accordance with the agreement of July 7, 1939, and to bring all deferred payments up to date

by the payment of a lump sum with credit for all money paid by virtue of the award of September 27, 1939.

From this award the appellant appeals and assigns as error: (1) The Industrial Board of Indiana erred in failing to sustain appellant's motion to strike out appellee's petition to vacate the award of September 27, 1939, and (2) the final award of the full Industrial Board of Indiana duly entered on July 24, 1942, is contrary to law.

The appellee urges that the award in question be affirmed without consideration of this appeal on its merits because of appellant's failure to "cause the transcript to be indexed, referring to the initial page of the direct, cross, and redirect examination of each witness and the initial page of each pleading, exhibit and other paper in the record, such index to form the first page or pages of the transcript." Rules of the Supreme and Appellate Courts, 1940 Revision, Rule 2-5. Upon examination of the transcript we find that this contention is not supported by the facts. The first page thereof is the title page and is unnumbered. The next three pages are also unnumbered and consist of an index in which the initial pages of the transcript of all pleadings, papers, exhibits and examinations of witnesses are properly and accurately indicated. It is further urged that appellant's brief does not meet the requirements of Rule 2-17 (e) of the Rules of the Supreme and Appellate Courts (1940), in respect to a concise statement of the evidence, by failing to set out the contents of certain exhibits. The rule relied on does not require that exhibits be set out in full but, on the contrary, restricts statements in reference thereto to a condensed recital of their contents in such a manner as to present their substance clearly and concisely. On page 21 of appel-

lant's brief we find the substance of the exhibits in question, or as much thereof as is pertinent to this appeal, clearly set out. What these exhibits contain is not subject to controversy. Appellant's conclusions as to their contents are undisputed and no contention is made that they are inaccurately drawn. In any event, omissions of certain evidence from the condensed recital thereof as set out in a brief is fatal only to the question of the sufficiency of all the evidence to sustain the finding below and, as there are other questions presented by this appeal, we cannot, as urged by appellee, affirm the award of the Industrial Board here in review without further consideration.

This brings us to appellant's first assignment of error—"The Industrial Board erred in failing to strike out appellee's petition to vacate the award of September 27, 1939." We have searched the record thoroughly and nowhere do we find a ruling on the appellant's motion to strike. It is evident that the Industrial Board chose to ignore this motion and consider the petition to vacate on its merits. This it had a legal right to do as it makes its own rules of procedure and, in that respect, it borrows nothing from, nor is it bound by anything in our civil code or the common law. Sec. 40-1506, Burns' 1940 Replacement, § 16431, Baldwin's 1934. *T. J. Dye & Son* v. *Nichols* (1924), 81 Ind. App. 13, 141 N. E. 259. We do not have judicial knowledge of the rules of the Industrial Board and, the record being silent in respect thereto, we cannot assume that the board's action in ignoring appellant's said motion was in violation thereof. *Carl Hagenbeck, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531; *Standard Cabinet Co.* v. *Landgrave* (1920), 73 Ind. App. 625, 128 N. E. 358; *Wright* v. *Weil Bros. & Co.* (1921), 75 Ind. App. 497,

130 N. E. 878. Even though we assume that practice before the Industrial Board provides for motions of the character and purpose of the one under consideration, there would still be no question before us as the mere failure of the board to act thereon cannot be the subject of appeal. There must be a final disposition of the matter adverse to the moving party before any question is presented for review.

The appellee's petition to vacate the award of September 27, 1939, is predicated upon the following provision of the law: "The board may at any time correct any clerical error or mistake of fact in any finding or award." Acts 1929, ch. 172, § 45, p. 536, § 40-1410, Burns' 1940 Replacement, § 16421, Baldwin's 1934. Appellant contends that the action of the full Industrial Board in granting this petition was erroneous and the award that followed is contrary to law. This contention is based upon the proposition that, when the nature of an injury has once been determined and adjudicated, a new and different diagnosis thereof will not warrant a finding and judgment that the original award was founded on a mistake of fact as that term is used in that section of the act above quoted and upon which the appellee depends for sanction of these proceedings.

It appears to be undisputed that on June 12, 1939, five days after he had been hurt, appellee was examined by Dr. C. L. Luckett, employed by the appellant for that purpose. Dr. Luckett diagnosed appellee's injury as a "strained back" and so reported to his employer. On August 3, 1939, the appellee consulted Dr. Russell La Bier in reference to his injury and was informed that he was suffering from a "sacrolumbar strain," which to the layman means a strain to the lower back. The nature of appellee's injury was not in dispute and any mistake in reference thereto was mutual, when, on

September 29, 1939, the hearing member of the Industrial Board found, upon a set of stipulated facts, that the injury from which appellee was suffering consisted of a "strain in the back" and made the award, the vacation of which brings about this appeal. Sometime later an area of anesthesia in appellee's left leg developed. His left foot was cold, his back ached and pain radiated therefrom into the hip and down the left leg to a point behind the knee where a drawing sensation occurred. There was also tenderness about the region of the sacrolumbar articulation. Any jar to the spinal column or bending thereof was painful. These symptoms lead certain doctors to diagnose appellee's trouble as a ruptured nucleus pulposus or intervertebral disc. Other physicians, equally skilled, are of the opinion that he is suffering from a rheumatic back with sciatica brought about by focal infection in the mouth, throat and prostate gland. Neither of these diagnoses was indicated by appellee's condition at the time the award of September 27, 1939, was made, as characteristic symptoms thereof had not yet developed. Thus the nature of appellee's injury was put in issue, and the full Industrial Board found, upon hearing the petition to vacate the award of September 27, 1939, that the same was based on a mistake as to the true nature of said injury.

The jurisdiction of the Industrial Board over its findings and orders is continuing during the compensation period, and it has full power to vacate an award for mistake of fact and to entertain an application for that purpose at any time such application is made by the employee or employer. *Frankfort, etc., Ins. Co.* v. *Conduitt* (1921), 74 Ind. App. 584, 127 N. E. 212; *Aetna Life Ins. Co.* v. *Shiveley* (1921), 75 Ind. App. 620, 121 N. E. 50; *E. J. Albrecht*

*Co.* v. *Michaw* (1940), 108 Ind. App. 407, 29 N. E. (2d) 334. Therefore, it is apparent that what the Industrial Board did in the instant case has legal sanction if its award of September 27, 1939, was predicated upon a mistake of fact.

Appellant contends that an award of the Industrial Board, having jurisdiction of the parties and subject-matter, whether correct or not, is conclusive as to all facts put in issue, and, when the same facts again come in controversy between the same parties, the former finding in regard thereto is final and binding. Therefore, it is argued, the nature of appellee's injury being in issue when the award of September 27, 1939, was made, a finding characterizing such injury as "a sprain to the back" settles the question for all time. That what the appellee sought and obtained in the case at bar was a new trial on the grounds of newly discovered evidence not available at the time of hearing—a procedure not sanctioned by Industrial Board practice. Such reasoning would be sound and inescapable except that it entirely omits from the equation the principle that a mistake of fact upon which a finding is made, in proper circumstances, vitiates the finding and there no longer remains an adjudication of the issue. It further appears to us that appellant erroneously assumes that the mistake of fact of which appellee complains is the *finding* that his injury was a "sprain to the back." The finding of a fact by a court or other judicial tribunal cannot constitute a mistake within the legal meaning of that term. A judicial finding may not be supported by the evidence and therefore erroneous, but in legal terminology it is not a mistake of fact.

At the time of the award of September 27, 1939, both parties hereto were under the impression that the

appellee's injury consisted of a sprain in the sacro-lumbar region of the back and no issue was made thereof. In this the full Industrial Board found the parties were mistaken and that in fact the appellee was suffering from a ruptured intervertebral disc. This constitutes the mistake of fact of which the appellee complains and in somewhat similar circumstances relief granted by the Industrial Board has been upheld by this court. *Aetna Life Ins. Co.* v. *Shiveley, supra; Frankfort, etc., Ins. Co.* v. *Conduitt, supra.*

In *Brackett's Case* (1927), 126 Me. 365, 138 A. 557, the failure of a compensation claimant to give proper notice of a hernia, under the impression that his injury was trivial, was held to be a mistake of fact within the meaning of the Workmen's Compensation Act of that state. In deciding the case the court said, "'A mistake of fact takes place either when some fact which really exists is unknown or some fact is supposed to exist which really does not exist.'" In the case at bar both of these elements are present. The existence of the ruptured disc was unknown and the sprained back which was supposed to be the source of appellee's trouble did not exist.

It is true that the mistake involved in the instant case is not admitted. By its very nature it is difficult of conclusive demonstration and undisputable proof. Its very existence is controversial and within the realm of expert testimony and opinion evidence. These things however do not take the case out of the operation of the statute granting relief for mistakes of facts but only serve to make a demonstration of the applicability of the statute more difficult. The existence of the mistake in controversy was for the Industrial Board to determine from the evidence presented. It has done so and there is ample evidence

to support its finding and award. Under long recognized and established principles of law this court is powerless to interfere.

As was said in the case of *Frankfort, etc., Ins. Co.* v. *Conduitt, supra,* at p. 594, applications for a change in award on account of mistake "should be scrutinized closely and cautiously granted" but that also is for the Industrial Board and not for us.

Award affirmed.

NOTE.—Reported in 47 N. E. (2d) 166.